ELIZABETH NOGRADY, ADMINISTRATRIX OF THE ESTATE OF MICHAEL NOGRADY, DECEASED, APPELLANT, v. THE ERIE RAILROAD COMPANY, A CORPORATION, AND WALTER HUNT, RESPONDENTS.

Submitted October 26, 1928—Decided February 4, 1929.

For the appellant, *Weinberger & Weinberger.*

For the respondents, *Hobart & Minard.*

The following opinion was prepared by former Mr. Justice Minturn, in compliance with the assignment to him. It clearly expresses the view of the court upon the matters involved in the litigation, and is adopted by the court as its own opinion in the cause.

MINTURN, J. The suit was instituted to recover damages by the plaintiff, as administratrix *ad prosequendum* of the estate of Michael Nogrady, her husband, who sustained injuries while attempting to board one of defendant's passenger trains at the Passaic City station, from which injuries he subsequently died. The suit comprehended the railroad and Walter Hunt, the engineer, as defendants. The trial resulted in a verdict for the defendants upon these salient facts. The

train had come to a stop at the station and remained in such a state while the passengers desiring to get on and off the train had been given that opportunity. According to the plaintiff's witnesses the deceased attempted to board the train immediately before it resumed its trip by starting. This was evidenced by the fact that he had put one foot on the step and the other upon the platform while grasping the iron rail while the train was in motion. That situation also evinces that the starting signal had been given before the decedent attempted to board the train and that he atempted to board the train while it was in motion. There was nothing in the case that the decedent had given any signal of his intention to board the train, which could be communicated to those in charge of the train, thus obviating the possible dangers attending his act in time to prevent the occurrence of the accident.

The substantial allegation contained in the complaint was the alleged wrongful act, neglect and default of the defendants in operating the train, but the essential act of negligence which was made the gravamen of the issue at the trial and is now urged by way of exception to the charge as to the basis of the appeal is the following instruction of the learned trial court, viz.: "The act of negligence that the plaintiff relies on is that this train was improperly run by its servants and agents; and that Mr. Hunt did not start the engine as a reasonably prudent man would; that he started it with a jerk, and that that is the proximate cause of this man's being hurt and then dying." It is contended that this instruction was erroneous because it did not take into consideration the fact that the railroad company was negligent in not stopping a reasonable time in order to afford the plaintiff's intestate a reasonable opportunity to board it, and that the mere fact of moving the train before that opportunity was afforded him constituted actionable negligence upon the part of the railroad company. There was no proof in the case that there were other passengers boarding the train under such circumstances, so that the mere act of moving the train under the circumstances cannot be regarded as negligence *per se,* for obviously

there must be a time limit generally stated by railroad schedule, which fixes the time for the starting of the trains; and trains cannot be expected to remain in *statu quo* interminably awaiting the convenience of each belated passenger.

The question under all the circumstances, as to the negligence of the defendants, and the contributory negligence of the plaintiff's decedent obviously was one for the jury, and was properly submitted to them under the instruction to which we have adverted, and which from a legal aspect under the pleadings and the evidence was manifestly correct. *Rochat, Admr.,* v. *N. H. Co. Ry. Co.,* 49 *N. J. L.* 445.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.